IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAQUELINE MARQUEZ and      :      Civil No. 1:24-CV-256
PASCUAL SANTANA,           :
                           :
     Plaintiffs,           :
                           :
     v.                    : (Chief Magistrate Judge Bloom)
                           :
PROGRESSIVE SPECIALTY      :
INSURANCE CO.,             :
                           :
     Defendant.            :

## MEMORANDUM OPINION AND ORDER

## I.   Introduction

Pending before the court is a motion *in limine* filed by the defendant, Progressive Specialty Insurance Co. ("Progressive"), asking this court to preclude "extraneous" information related to their status as an insurance provider to the plaintiffs.[1]  This case is scheduled for a jury trial beginning on June 15, 2026.[2]  The plaintiffs, Jacqueline Marquez and Pascual Santana, assert claims for uninsured motorist ("UIM") coverage against Progressive, alleging that they suffered injuries in an automobile accident caused by an uninsured third party tortfeasor, and

---

[1] Doc. 26.
[2] Doc. 65.

that Progressive was obligated to compensate them for these injuries under the terms of their insurance contracts, but has failed to do so.

Progressive now seeks to prohibit the introduction of certain evidence at trial. Progressive has moved to prohibit the introduction of evidence regarding the amount of UIM insurance in the relevant policies, plaintiffs' payments of premiums for the same, evidence related to the claims handling process, and references to Progressive's slogans and advertisements.[3] Progressive also moves to have the case tried as an automobile tort action, as opposed to a breach of contract.[4]

After consideration, we will grant the motion.

## II.   Discussion

Motions *in limine* are filed "to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[5] Courts are vested with broad authority and discretion to rule on motions *in limine* prior to trial "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence."[6] A trial court's

---

[3] Doc 27 at 1-2.

[4] *Id.* at 2.

[5] *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).

[6] *United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021) (quoting *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006,

ruling on a motion *in limine* is reviewed only for an abuse of that discretion.[7]

Regarding the admissibility of evidence generally, Rule 402 of the Federal Rules of Evidence prescribes that "[a]ll relevant evidence is admissible," unless the Rules or law provide otherwise.[8]   Relevant evidence is evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[9]   However, the Rules provide that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ."[10]

Progressive argues that the "extraneous insurance information" they move to exclude has extremely low probative value—largely because there are no disputes between the parties about this information—and that this information tends to prejudice Progressive and could be confusing to jurors.   Progressive also argues that, since there are no

---

*2 (M.D. Pa. July 27, 2017) (internal quotation marks omitted)).

[7] *Abrams v. Lightolier Inc.,* 50 F.3d 1204, 1213 (3d Cir. 1995).

[8] Fed. R. Evid. 402.

[9] Fed. R. Evid. 401.

[10] Fed. R. Evid. 403.

questions for the jury that relate to the underlying contracts, only questions of injuries and their compensation, that the matter is best tried as an automobile tort action.  We agree.

The case of *Lucca v. Geico Ins. Co.* is instructive.  There, the court held that where "the amounts of the policy limits and paid premiums . . . are undisputed and therefore not for the jury to decide," there is minimal probative value in the jury hearing those facts.[11]  Those terms are undisputed in this matter.  In contrast, the potential prejudice to Progressive in putting insurance contract details into evidence is high: by permitting the specter of insurance to enter the proceedings, a court runs the risk that a jury may "be tempted to render decisions based upon the extraneous consideration that an insurance company will pay the bill."[12]  The contract details in this matter are unrelated to the only real questions in this case, which are the scope of the plaintiffs' injuries and the damages that appropriately compensate them.  We believe the answers to those questions should come from evidence of those injuries,

---

[11] *Lucca v. Geico Ins. Co.*, 100 Fed. R. Evid. Serv. 1010, 2016 WL 3632717 at *3 (E.D. Pa. July 7, 2016).
[12] *Paxton National Insurance Company v. Brickajlik,* 522 A.2d 531, 533 (Pa. 1987).

not evidence of the contracts that obligate Progressive to pay damages up to a certain undisputed figure.

Plaintiffs argue that the trend of prohibiting such information is not universal, citing to two cases in this district in which courts reached the opposite conclusion and permitted such evidence to be presented.[13] However, we conclude that the *Lucca* court's approach, which is the "ascendent" approach in this district, is more appropriate.[14] The verdicts from *Lucca* and its progeny comport with our understanding of the rules of relevancy, as the facts sought to be excluded here do not make it any more or less likely that either plaintiff suffered any particular injury, nor would they assist in determining the proper compensatory value of any injuries. Similarly, there is no dispute about, or allegation related to, the

---

[13] Doc. 36 at 3-4; *Noone v. Progressive Direct Ins. Co.*, Civ. No. 3:12-cv-1675 (M.D. Pa. May 28, 2013); *Rodkey v. Progressive Direct Ins. Co.*, Civ. No. 3:16-CV-454 (M.D. Pa. Dec. 8, 2016).

[14] *See Bickel v. State Farm Mut. Auto. Ins. Co.*, No. 1:21-CV-1494, 2022 WL 7740749, at *3 (M.D. Pa. Oct. 11, 2022) (Carlson, M.J.). *See also England v. Progressive Advanced Insurance Co.*, No. 1:23-CV-466, 2024 WL 5342498 at *3 (M.D. Pa. Sep. 23, 2024) (Schwab, M.J.); *Castillo v. Progressive Insurance Co.*, 580 F. Supp. 3d 74, 78-79 (M.D. Pa. 2022) (Carlson, M.J.); *Onderko v. LM Gen. Ins. Co.*, 567 F. Supp. 3d 495, 503 (M.D. Pa. 2021) (Mehalchick, M.J.); *Ridolfi v. State Farm Mutual Auto. Insurance Co.*, No. 1:15-CV-859, 2017 WL 3198062 at *3 (M.D. Pa. July 27, 2017) (Carlson, M.J.).

claims handling process or Progressive's advertising.  Thus, we likewise see no relevance in evidence that goes to either of those topics.  There is no reason to overcomplicate the jury's task, nor risk them basing their award on the defendant's status as an insurer.  Accordingly, we conclude that "extraneous insurance information" should be excluded.

Further, while a UIM claim is literally a breach of contract action, because the terms of the contract and its applicability are not in dispute, "what is left to decide is much like a tort action, in that although the insured is making a 'first party' claim, the value of the claim is based on 'third party' principles of liability, causation, and damages [,]" and so is analogous to a tort action.[15]  While keeping the details of the contract from the jury means the ultimate verdict may be outside of the contract's parameters, the court can easily mold the verdict to fit within those bounds.[16]  We conclude the motion to try the claim as a tort action is a sensible approach.

For all these reasons, the motion will be granted, and the plaintiff will be prohibited from offering evidence of their premium payments, the

---

[15] *Lucca*, 2016 WL 3632717 at *2.
[16] *Id.*

coverage available in the relevant contracts, the claims handling process, and any advertisements or slogans produced by the defendant.  Because there are no issues of contract to be decided, only questions of liability, the action will be tried as an automobile tort action.

## III.   Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the defendant's motion *in limine*[17] is GRANTED. The plaintiff will be prohibited from introducing extraneous insurance information, and we will try the case as an automobile tort action.

So ordered 14th this day of May 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge

---

[17] Doc. 26.