IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAQUELINE MARQUEZ and          :        Civil No. 1:24-CV-256
PASCUAL SANTANA,               :
                               :
     Plaintiffs,               :
                               :
        v.                     : (Chief Magistrate Judge Bloom)
                               :
PROGRESSIVE SPECIALTY          :
INSURANCE CO.,                 :
                               :
     Defendant.                :

MEMORANDUM OPINION AND ORDER

## I.    Introduction

Pending before the court is a motion *in limine* filed by the defendant, Progressive Specialty Insurance Co. ("Progressive"), asking this court to preclude evidence of the plaintiff's future medical needs as opined by her expert, Dr. Yeshvant Navaglund ("Dr. Yesh").[1]  This case is scheduled for a jury trial beginning on June 15, 2026.[2]  The plaintiffs, Jacqueline Marquez and Pascual Santana, assert claims of uninsured motorist ("UIM") coverage against Progressive, alleging that after they suffered injuries in an automobile accident caused by an uninsured third

---

[1] Doc. 43.
[2] Doc. 65.

party tortfeasor, Progressive failed to make certain payments due to the plaintiffs under their insurance policies with the defendant.  Progressive now seeks to prohibit the introduction of testimony related to future injuries from the plaintiffs' expert, Dr. Yesh.

After consideration, we will deny the motion.

## II.    Discussion

Motions *in limine* are filed "to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[3]  Courts are vested with broad authority and discretion to rule on motions *in limine* prior to trial "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence."[4]  A trial court's ruling on a motion *in limine* is reviewed only for an abuse of that discretion.[5]

Regarding the admissibility of expert testimony, Rule 702 of the Federal Rules of Evidence prescribes that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may

---

[3] *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).
[4] *United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021) (quoting *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017) (internal quotation marks omitted)).
[5] *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995).

testify in the form of an opinion or otherwise," so long as the expert's knowledge will assist the factfinder, is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of those principles and methods to the facts of the case.[6] The bases of the opinion may be "facts or data in the case that the expert has been made aware of or personally observed [,]" and need not be admissible themselves in order for the opinion to be admissible.[7]

In the instant case, the defendant requests we preclude the testimony of Dr. Yesh regarding future medical care and/or costs for Santana.[8] Progressive avers that this opinion is "wholly without foundation"[9] and amounts to speculation. We disagree, and we will deny the motion.

In his deposition, Dr. Yesh testified that he reviewed Santana's medical records and performed a remote physical examination on him, and identified the findings in those sources that informed his opinion.[10] He explained that his opinion of Santana's future medical needs was

---

[6] Fed. R. Evid. 702.
[7] Fed. R. Evid. 703.
[8] Doc. 43.
[9] *Id* ¶ 35.
[10] Doc. 43 at 16, 21-23.

based on his diagnosis, prognosis, examination, and review of records, and that his opinion was given with a reasonable degree of medical certainty.[11]  We conclude that this opinion satisfies Rules 702 and 703.

The defendant argues that Dr. Yesh's opinion lacks the proper foundation to be submitted to the jury.  As evidence in support of this argument, Progressive points to the fact that Santana was involved in another car crash during the time between the crash at issue here and Santana's examination by Dr. Yesh. The plaintiffs are correct that this criticism goes to the weight, not the admissibility, of Dr. Yesh's opinion. The law requires only that an expert's opinion be based on facts or data and evince a reliable application of reliable principles and methods.  We find that Dr. Yesh's testimony meets that standard, and so the motion to exclude his testimony will be denied.

## III.  <u>Order</u>

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the defendant's motion *in limine*[12] is DENIED. The plaintiff will

---

[11] *Id.* at 18, 28.

[12] Doc. 43.

be permitted to introduce expert opinion evidence from Dr. Yesh as to Santana's future medical needs.

So ordered 14th this day of May 2026.

_s/ Daryl F. Bloom_
Daryl F. Bloom
United States Magistrate Judge